ANNIE CONNORS *vs.* MERCHANTS MANUFACTURING
COMPANY.

Bristol.    October 26, 1903. — January 5, 1904.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Negligence*, Employer's liability.

Where a freight elevator in a cotton mill, which goes only one floor below that on which a woman operative is working, opens a trap door automatically in going up or down, and the only warning of the starting of the elevator is the moving of the elevator ropes, it is negligence as matter of law for the operative after looking at the ropes, which are quiet and show that the elevator is below, to walk across the trap door for a purpose which could have been accomplished by taking another and longer route, and, if in doing this she is injured by the trap door opening and squeezing her against the wall, she cannot recover from her employer.

Evidence of the use as a passageway of a trap door, over an elevator well in the

floor of a mill, opened automatically by the elevator going up or down, does not warrant a finding that the corporation maintaining the mill invited its operatives to use the trap door as a passageway, unless there also is evidence that the corporation had knowledge of such use or evidence from which such knowledge can be inferred.

An operative in a cotton mill crossing a trap door over a freight elevator two days after a statute has gone into effect requiring a warning device to be placed on such an elevator, but having no knowledge of the statute and no reason to suppose that the elevator is equipped with such a device, has no right to rely on the absence of such a warning of the opening of the trap door by the going up of the elevator, and if he so relies is negligent.

TORT for personal injuries received by the plaintiff on January 3, 1902, while employed in the weaving room of the defendant's cotton mill at Fall River. Writ dated January 20, 1902.

At the trial in the Superior Court *Lawton,* J. ruled that the evidence was not sufficient to warrant a verdict for the plaintiff, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. W. Cummings,* (*E. Higginson* with him,) for the plaintiff.

*A. J. Jennings,* (*I. Brayton* with him,) for the defendant.

LORING, J. 1. We are of opinion that the judge was right in ordering a verdict for the defendant.

The plaintiff was employed in the weaving room of the defendant's cotton mill. She was injured while walking over a pair of wooden trap doors level with the floor, which covered the opening of a freight elevator well. These doors opened upward automatically when the elevator went up or down. The plaintiff was injured by the elevator's starting up and throwing up and back the trap door on which she stepped. She was taken off her feet, flung on one side, and squeezed against the wall.

The plaintiff went to work in mills when fourteen years of age, and continued working there until she was twenty years old, when she was married. She began again when she was thirty-one years old, about a year before the accident, and she had been employed in the room in question for six weeks. One of the looms tended by her was not eight feet from the trap doors.

The jury were warranted in finding that she was passing over the elevator well, on her way to get filling for use in her looms, and that she chose this way because the alley way was tempo-

rarily blocked which led directly to the filling box in the southeast corner, some sixty feet away; that she had to get the filling to pursue her work, and that she chose this way of going because it would have taken ten minutes longer to go through the alley ways which were then open to her.

The plaintiff testified that she knew it was safer to go around the elevator than to go over it, for the reason that the doors might open up when the elevator was going up or down. She also testified that she looked twice at the elevator ropes before stepping on the trap doors; that the ropes were quiet, and so she stepped on the doors; and that they immediately flew up, causing the injury already described.

One of the plaintiff's witnesses testified that there was "no bell or anything to indicate when the elevator was going up or down, this condition being the same at the time of the accident, as it had been while the witness worked there, a period of three months."

We are of opinion that where an elevator, which goes no farther down than the floor below, opens a trap door automatically by going up and there is no warning of the starting of the elevator but the elevator ropes beginning to move, it is negligence as matter of law for a plaintiff who could have gone by another route to undertake to walk across the trap door when the ropes show that the elevator is below, and are quiet.

The plaintiff testified that she did not know that the trap doors would fly up without warning. But she proved by one of her own witnesses that there was no device to warn persons of the starting of the elevator, and the danger was so apparent to a person who knew the conditions as the plaintiff on her own testimony knew them, that it was negligent to undertake to cross without ascertaining that there was a device which would give sufficient warning to admit of a person crossing in safety.

The use of the trap door testified to by the plaintiff's witnesses did not warrant a finding that there had been an invitation by the defendant to use it as a passage way within *Hanlon* v. *Thompson*, 167 Mass. 190. There was no testimony that the defendant knew of the use of it as a passageway, and no evidence from which knowledge on the part of the defendant could be inferred. The testimony of the second hand in that room

" that he told persons whom he saw passing the elevator trap that they ought to be more careful about going across that door, but did not tell them why," and " that of all the men and boys whom he had seen passing over the elevator he spoke to some, and to a good many he never spoke at all," is not evidence warranting such a finding.

2. The other exception is to the exclusion of evidence. The plaintiff was asked on direct examination : " ' Whether or not when you went upon the elevator you expected and relied upon some sort of warning or signal being given if the elevator was about to start?' The question was accompanied by offer of proof that the plaintiff had such expectation and reliance." The plaintiff's argument in support of the competency of this question is based upon the fact that St. 1901, c. 439, went into effect upon January 1, two days before the accident, and that the statute required freight elevators to be equipped with a warning device. In the absence of evidence that the plaintiff had some reason to suppose that some device had been put upon the elevator, we think that the evidence could be properly excluded. There was no evidence that the plaintiff knew of the statute, and she had already testified that the only thing she saw or heard in the way of a warning that the elevator was coming up was the ropes moving. The fact that one cannot plead ignorance of the law in justification of a violation of it does not mean that he in fact knows the law and what the provisions of it are. As we have said, it was negligence to make the attempt without finding out that there was a device which would give sufficient warning. In other words, it was, as matter of law, negligent to rely on a warning without some reason to suppose that there was a device to give warning.

*Exceptions overruled.*